IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ETHAN GRIFFIN,**
        Petitioner,

    v.                     CASE NO. 13-3166-SAC

**ATTORNEY GENERAL,**
**STATE OF KANSAS,**
        Respondent.


**ETHAN M. GRIFFIN,**
        Petitioner,

                          CASE NO. 13-3194-SAC

**REX PRYOR, et al.,**
        Respondents.

## MEMORANDUM AND ORDER

On September 25, 2013, Mr. Griffin, a state prisoner, filed his first habeas corpus application in federal court challenging his 2002 state convictions in *State v. Griffin*, Lyon County Case No. 01CR471.[1] *See Griffin v. Attorney General*, Case No. 13-3166-SAC (hereinafter CASE I). The court screened the application and on October 15, 2013, entered an order in which it found that the petition appeared to be time-barred. Mr. Griffin was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 2244(d)(1) as well as satisfy the filing fee within the prescribed time.

The time in which Mr. Griffin was to comply with the court's screening order in CASE I has expired with nothing further filed by

---

1    The crimes arose from Mr. Griffin's involvement in an explosion and fire in an apartment complex in Emporia, Kansas, that resulted in two deaths.

1

him in this case. The court may dismiss this action without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, which authorizes a district court to order the dismissal of an action for failure to prosecute as well as for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 Fed.Appx. 764, 771 (10th Cir. Mar. 12, 2009)(unpublished case cited as persuasive authority)(citing Fed.R.Civ.P. 41(b)).

On November 12, 2013, Mr. Griffin filed a second, complete habeas corpus application in federal court, in which he seeks to challenge the same 2002 state convictions as he challenged in CASE I. *Griffin v. Pryor*, Case No. 13-3194-SAC (hereinafter CASE II). The court consolidates these two cases for all purposes. In his petition filed in CASE II, Mr. Griffin incorrectly states that he has not previously filed any petition in federal court regarding the conviction under challenge, and that he has no such petition pending.

**FINDINGS OF FACT**

In both these habeas corpus applications the threshold issue presented is whether or not the petition is time-barred. Petitioner does not provide most dates relevant to this issue in either of his federal petitions. However, he attaches a copy of the February 2012 Memorandum Decision of the District Court of Lyon County to both petitions, and it sets forth many of the pertinent dates and facts regarding petitioner's efforts to challenge his convictions in state

2

court:

> Following a jury trial Griffin was convicted of two counts of felony murder, five counts of aggravated battery, and two counts of burglary.[2] He was sentenced to two consecutive life terms plus 72 months consecutive to the two life terms. The convictions and sentences were affirmed on direct appeal in *State v. Griffin*, 279 Kan. 634, 112 P.3d 862 (2005)(*Griffin I*).
>
> During the direct appeal of the convictions, the Kansas Supreme Court granted Griffin's motion for a remand to address his claims of ineffective assistance of trial counsel . . . . An evidentiary hearing was conducted by the trial court upon remand resulting in a holding that Griffin failed to demonstrate that his trial court's performance was deficient and no prejudice was shown to have resulted from any claimed errors.
>
> Griffin's claims of ineffective assistance were then considered by the Kansas Supreme Court on direct appeal. Following affirmation of his convictions, Griffin filed, in Lyon County District Court Case No. 06CV142, a motion for post-conviction relief pursuant to K.S.A. 60-1507. In this motion he argued that his trial and appellate counsel were ineffective in multiple respects and that his trial counsel had evidenced a hostile attitude toward him. The district court appointed counsel and conducted a non-evidentiary hearing resulting in a denial of his claims of ineffective assistance as the same had been addressed on direct appeal in *Griffin I*. Griffin's claim of having a hostile trial counsel was also denied as having no merit.
>
> Griffin then appealed the denial of his K.S.A. 60-1507 motion to the Court of Appeals where it was assigned Case No. 98,222. (*Griffin II*). In an unpublished opinion filed September 19, 2008 (Mandate issued April 21, 2009) the Court of Appeals affirmed the trial court's denial of Griffin's 60-1507 motion.
>
> On January 9, 2012, Griffin filed the instant motion for relief pursuant to K.S.A. 60-1507 and it was assigned Case No. 2012CV4.

---

[2] In CASE II Mr. Griffin alleges that he was sentenced on June 17, 2002, and his attachments support this allegation.

3

*Griffin v. State of Kansas*, Case No. 2012CV4 (Lyon Co.Dist.Ct., Feb. 28, 2012). Mr. Griffin's convictions were affirmed by the Kansas Supreme Court (KSC) on June 3, 2005. *State of Kansas v. Ethan M. Griffin*, 279 Kan. 634, 112 P.3d 862 (2005). On August 8, 2006, he filed his first motion for post-conviction relief pursuant to K.S.A. 60-1507. *See Griffin v. State*, 294 P.3d 362, at *1 (Kan.App. 2013)(Table). The district court denied relief and the Kansas Court of Appeals (KCA) affirmed. The KSC denied review on April 21, 2009. *See Griffin v. State*, 192 P.3d 184 (Kan.App. Sept. 19, 2008). Mr. Griffin filed his second 60-1507 motion on January 9, 2012. *Griffin*, 294 P.3d 362, at *1.[3] Mr. Griffin executed his first federal petition in CASE I on September 24, 2013.

**LEGAL STANDARDS**

As Mr. Griffin was informed in the court's prior screening order in CASE I, the statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1) and provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral

---

[3] The state district court denied this petition as time-barred and second or successive under K.S.A. 60-1507. The KCA affirmed, and the KSC denied review on August 19, 2013. *Id.*

4

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Mr. Griffin was informed that his petition in CASE I appeared not to have been filed within the one-year statute of limitations. He was further informed that his petition was therefore subject to dismissal as time-barred unless he could show his entitlement to equitable tolling. The court set forth the standards for equitable tolling in its prior order in CASE I:

> A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

**DISCUSSION**

After having considered Mr. Griffin's new petition and motions in CASE II together with his already-screened petition in CASE I,

5

the court again applies the foregoing statutory provisions to the facts of this case. The KSC denied review of Mr. Griffin's direct appeal on June 3, 2005. The court has considered petitioner's contradictory statements in CASE I and CASE II regarding *cert*. review, and again finds that Mr. Griffin did not file a petition for certiorari review in the United States Supreme Court of the KSC decision on direct appeal. The West Law history of petitioner's direct appeal does not show the filing of a petition in the U.S. Supreme Court. The same is true of the Kansas Appellate Courts docket for his direct criminal appeal. The court concludes that Mr. Griffin's conviction and sentence became "final" as that term is used in § 2244(d)(1) on September 1, 2005, which is ninety days after the KSC decision on direct appeal. *See* Sup.Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The federal statute of limitations thus began running in Mr. Griffin's case on September 1, 2005, and ran unimpeded until August 8, 2006, when he filed his first 60-1507 motion. It follows that all but 22 days[4] of the one-year statute of limitations expired before petitioner filed his first state post-conviction motion. The federal statute of limitations was statutorily tolled from the time this state motion was filed until April 21, 2009, when the KSC denied review of the lower court's denial and the motion was no longer pending. The court further finds that the federal statute of limitations began to run

---

4  In its prior order, the court found 19 remaining days but herein correctly finds that 22 days remained instead.

6

again on April 22, 2009, and ran unimpeded until it expired 22 days later. The second 60-1507 motion filed by Mr. Griffin in January 2012 had no statutory tolling effect because the federal statute of limitations had already expired years earlier.

Petitioner was given the opportunity but has failed to show that he is entitled to any additional tolling of the limitations period. As previously noted, Mr. Griffin did not respond in CASE I to the question on "Timeliness of Petition" in his form application. In addition, he did not respond to the court's order in CASE I giving him time to allege facts establishing his entitlement to equitable tolling or otherwise show cause why his first federal habeas petition should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Petitioner thus presented no facts whatsoever in CASE I showing he is entitled to equitable tolling. In CASE II, petitioner responded to the question on timeliness that he "was not aware of how to proceed" and "was trying to use all his means in all the lower courts" before filing his 2254 petition in federal court. Also in CASE II, petitioner submitted two motions with his petition. In his "Motion for Permission to Docket out of Time" (Doc. 2), he moves to be allowed to file his 2254 petition out of time. As support for this motion, he alleges that he does not have access to "the materials needed without going through the proper channels," and that he "was and is somewhat still not" totally aware of all proper procedure but is trying. He asks the court to grant this motion "in

7

order to stop a miscarriage of justice." Petitioner's other "motion" is entitled "Summary not to be Dismissed as Time Barred" (Doc. 3). In support of this motion, he alleges that when he received "his final resolution from the United States Supreme Court along with a letter from (his) attorney" advising that he needed to file as soon as possible, he "sent off for some (2254) forms;" he "somewhat educated" himself "in this matter;" and he "resubmitted (his) form with the proper paperwork." The court is asked to "accept his form" 2254 petition "in order to stop a miscarriage of justice."

Petitioner's allegations made in CASE II with regard to timeliness are clearly inadequate to satisfy his burden to show entitlement to equitable tolling. His allegations that he was not aware of how to proceed are insufficient, as it has been plainly held that ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998); *see also Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.")(quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Nor has petitioner alleged any facts to suggest that he is entitled to additional statutory tolling. Furthermore,

petitioner's allegation that he has not had access to unspecified materials without following proper channels provides no logical or legal basis for equitable tolling. His allegations that he sent off for and resubmitted forms include no dates or other details. Petitioner's allegations utterly fail to establish that he diligently pursued his claims in state court during the 343 days between September 1, 2005, and August 8, 2006, as well as the 22 days in April 2009 when the one-year statute of limitations ran and expired. Furthermore, petitioner's assertions in his two motions, within his requests for relief only, that a miscarriage of justice will result if his claims are not reviewed in federal court are nothing more than conclusory statements. In sum, the court finds that Mr. Griffin's federal habeas corpus petitions were not filed within the applicable statute of limitations, and that he has failed to show his entitlement to additional tolling or that he falls within the manifest injustice exception. As a result, these two federal habeas corpus petitions are dismissed as time-barred.

**FILING FEE**

In Case II, petitioner has also submitted a Motion to proceed in forma pauperis (Doc. 4). The financial information provided by petitioner with regard to his account balance indicates that this motion should be granted.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to

Proceed in forma pauperis (Doc. 4) is granted; and that his two other motions in Case No. 13-3194 (Doc. 2 & 3) are denied.

**IT IS FURTHER ORDERED** that these two habeas corpus actions are dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

**Dated this 22nd day of November, 2013, at Topeka, Kansas.**

<u>**s/Sam A. Crow**</u>
**U. S. Senior District Judge**